## LAURENT v. UNITED STATES.
### No. 10773.

Circuit Court of Appeals, Ninth Circuit.
May 15, 1945.

Walter H. Duane, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Reynold H. Colvin, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On March 1, 1944, appellant and six others—Russell S. Youmans, Percy Newford, Arthur Grenier, Albert Norwitt, Charles E. Corsiglia and Bernard R. Kerns—were indicted for conspiring[1] to acquire, use, permit the use of, transfer, possess and control "counterfeited and forged ration documents, to-wit, counterfeited and forged C-2 gasoline mileage ration coupons,"[2] and to obtain and attempt to obtain "a rationed commodity, to-wit, gasoline, without presenting the prescribed ration coupons therefor."[3] Appellant's codefendants pleaded guilty. Appellant pleaded not guilty, was tried, convicted and sentenced, and has appealed. The question is whether the evidence supports appellant's conviction.

There is no evidence that appellant conspired with his codefendants, or any of them, to acquire, use, permit the use of, transfer, possess or control counterfeited or forged C-2 gasoline mileage ration coupons, or to obtain or attempt to obtain gasoline without presenting the prescribed ration coupons therefor.

There is no evidence that appellant knew, or had any dealings with, any of his codefendants except Newford. There is no evidence that appellant had any dealings with Newford except that appellant purchased from Newford 128 C-2 gasoline mileage ration coupons (two sheets of 64 coupons each) in November or December, 1943, and 2,560 C-2 gasoline mileage ration coupons (40 sheets of 64 coupons each) in January or February, 1944.[4] There is no evidence that the coupons purchased from Newford were counterfeited or forged.

There is evidence that the coupons purchased from Newford had been obtained by Newford from Youmans, and that on February 16, 1944, Youmans had in his possession 80,612 C-2 gasoline mileage ration coupons (1,258 sheets of 64 coupons each),[5] all of which were counterfeited. These, however, did not include any of the coupons purchased from Newford by appellant. Appellant, so far as the evidence shows, had nothing to do with any of the 80,612 counterfeited coupons.

There is evidence that on some undisclosed date or dates, appellant (a dealer) obtained gasoline by surrendering in exchange therefor 325 counterfeited C-2 gasoline mileage ration coupons,[6] but there is no evidence that he conspired to do so. There is no evidence that any of the 325 counterfeited coupons was purchased from New-

---

[1] Section 37 of the Criminal Code, 18 U.S.C.A. § 88, provides: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any such act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

[2] Section 1394.8178 of Ration Order No. 5C, 7 F.R. 9135, provides: "No person shall transfer, receive a transfer of, possess or use any forged or counterfeited * * * coupon or other evidence." Section 2.5 of General Ration Order No. 8, 8 F.R. 3783, provides: "No person shall acquire, use, permit the use of, transfer, possess or control any counterfeited or forged ration document." Ration Order No. 5C and General Ration Order No. 8 were issued under subsection (a) of § 2 of the Act of June 28, 1940, c. 440, 54 Stat. 676, as amended by § 301 of the Second War Powers Act, 1942, 50 U.S.C.A. Appendix, §§ 633, 1152. Paragraph (5) of subsection (a), as amended, provides: "Any person who willfully performs any act prohibited, or willfully fails to perform any act re-

quired by, any provision of this subsection (a) or any rule, regulation, or order thereunder, whether heretofore or hereafter issued, shall be guilty of a misdemeanor, and shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than one year, or both."

[3] Section 1394.8152 of Ration Order No. 5C provides that, with inapplicable exceptions, "a dealer or distributor may transfer gasoline to a consumer, and a consumer may accept such transfer of gasoline, only in exchange for valid coupons." Section 1394.8207 of Ration Order No. 5C provides that, with inapplicable exceptions, "no dealer or distributor shall receive a transfer of gasoline, except in exchange for a quantity of coupons equal in gallonage value to the amount of the gasoline so transferred."

[4] Not later than February 10, 1944.

[5] These coupons were taken from Youmans on February 16, 1944, and at the trial, were put in evidence as appellee's Exhibit 1.

[6] These and 62 genuine coupons—a total of 387, comprising seven so-called bingo sheets—were put in evidence as appellee's Exhibit 3.

ford. Newford, so far as the evidence shows, had nothing to do with any of these coupons.

We conclude that the evidence does not support appellant's conviction.

Judgment reversed.